# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| DANNY LEE MORRIS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> JASON LEWIS, ) <br> ) <br> Respondent. ) | No. 1:19-CV-223-SPM |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be barred by § 2254's one-year limitations period, and the Court will order petitioner to show cause why the petition should not be dismissed.

Petitioner states that he was found guilty of first degree murder on January 22, 1991 in the Circuit Court of New Madrid County. On January 22, 1991, he was sentenced to life imprisonment without the possibility of parole. Petitioner filed a direct appeal, and his conviction and sentence were affirmed by the Missouri Court of Appeals in 1992.

According to Missouri Case.net, petitioner filed a state court habeas action in Mississippi County, Missouri on April 22, 2019. The petition was denied on April 23, 2019. He appealed this denial to the Missouri Court of Appeals for the Southern District, which affirmed the decision on September 11, 2019.

Petitioner filed the instant § 2254 petition on December 9, 2019.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The instant petition has been filed more than twenty-seven years after petitioner's state court judgment of conviction became final. As a result, the Court will order petitioner to show cause why the petition should not be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, in writing and **no later than thirty days from the date of this Order**, why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be dismissed.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

Dated this 12th day of December, 2019.